```
              IN THE UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF HAWAII

MIKE YELLEN,                    )    CIVIL NO. 22-00010 SOM-KJM
                                )
          Plaintiff,            )    ORDER DISMISSING COMPLAINT
                                )
     vs.                        )
                                )
STATE OF HAWAII;                )
GOVERNOR DAVID IGE;             )
OFFICER T. AURELLO;             )
JUDGE JEFFREY HAWK;             )
OFFICE OF THE PROSECUTING       )
ATTORNEY, HILO DISTRICT; and    )
MAYOR MITCH ROTH,               )
                                )
          Defendants.           )
_____ )
```

**ORDER DISMISSING COMPLAINT**

**I.        INTRODUCTION.**

        Plaintiff Mike Yellen received a traffic infraction ticket on the Big Island of Hawaii for allegedly crossing a solid white line while driving a vehicle. Hawaii has a multi-part process for adjudicating such tickets. A person may pay the fine and fees associated with the ticket, or the person may submit a written explanation of the circumstances with respect to the ticket. Alternatively, a person may ask for an informal hearing before a judge who will rule on the ticket based on a preponderance standard without receiving evidence beyond what is written on the ticket or any police report and the explanation by the alleged violator. At that nonevidentiary informal hearing, the person may admit a violation and explain mitigating circumstances or contest the ticket. Because no substantive

evidence is received at the informal hearing, there does not appear to be any right to discovery prior to it.

If a person is unsatisfied with the result of the informal hearing, the person may request a trial de novo at which evidence may be submitted. In other words, the officer who issued the ticket and the person who received it may testify about the circumstances surrounding the ticket. A person may well have a right to discovery prior to this evidentiary hearing, but this court makes no ruling with respect to such discovery.

Yellen prematurely filed this federal case after the informal hearing with respect to his traffic infraction ticket but before a trial de novo was scheduled. Yellen seeks $25,000,000 in compensatory damages and another $25,000,000 in punitive damages from the officer who wrote the ticket, the prosecutor who pursued the ticket in court, the judge (Judge Jeffrey Hawk) who adjudicated the ticket, and the Governor of the State of Hawaii for not preventing the ticket and the judicial process.[1]  *See* ECF No. 1, PageID # 7. Since the filing of this case, the State has dismissed the traffic ticket action with prejudice.

---

[1] Yellen's Complaint also sought such damages from the Big Island Mayor, Mitch Roth. However, Yellen has since voluntarily dropped his claims against Roth. *See* ECF No. 28. The court therefore dismisses all claims asserted against Roth.

Currently before this court are two motions to dismiss. *See* ECF Nos. 18 and 20. In adjudicating those motions, this court has considered Yellen's opposition despite its untimeliness. The court grants the motions to dismiss without a hearing pursuant to Local Rule 7.1(c) ("Unless specifically required, the court may decide all matters, including motions, petitions, and appeals, without a hearing."). Because amendment of Yellen's Complaint would be futile, the court declines to allow amendment.

**II.      STANDARD OF REVIEW.**

On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *See Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996). However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

"[T]o survive a Rule 12(b)(6) motion to dismiss, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009) ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**III.    BACKGROUND.**

Officer Trenton Aurello issued Yellen a "Notice of Traffic Infraction(s) in the District Court of the Third Circuit"[2] on October 25, 2021, for having allegedly violated section 291C-38(c)(3) of Hawaii Revised Statutes. *See* Complaint ¶ 5, ECF No. 1, PageID # 2; ECF No. 20-4, PageID # 117 (copy of Citation No. 3DTI-21-026467); ECF No. 20-1, PageID # 83 (identifying the officer as Trenton Aurello).  This "Notice of

---

[2] The Third Circuit includes the Big Island of Hawaii, which in turn is divided into districts.

Traffic Infraction" is commonly referred to as a citation or a ticket.

Section 291C-38(c)(3) of Hawaii Revised Statutes, which is part of a statewide traffic code, states,

> (3) A solid white line is used to indicate the edge of the traffic lane where travel in the same direction is permitted on both sides of the line but where movement from lane to lane is considered to be hazardous. A solid white line may be crossed only in unusual circumstances and then only with great care. A double width solid white line is used to emphasize a greater degree of hazard.

Haw. Rev. Stat. § 291C-38 (2022). The description on the ticket says that Yellen disregarded a solid white line on "Old Volcano Road/Hwy 11" to pass in a merge lane. ECF No. 20-4, PageID # 117. In relevant part, section 291C-161 states, "(a) It shall be a violation for any person to violate any of the provisions" of chapter 291C (the statewide traffic code). Section 291C-165 authorizes a police officer to issue a citation for such a violation.

Yellen argues that section 291C-38 does not prohibit any vehicle from crossing a solid white line, as the statute states: "A solid white line may be crossed only in unusual circumstances and then only with great care." Yellen notes that the term "unusual circumstances" is not defined. *See* Complaint ¶ 11, ECF No. 1, PageID # 3.

5

In 1978, Hawaii decriminalized traffic infractions, such as the ticket Yellen received for having allegedly crossed a solid white line. Chapter 291D of Hawaii Revised Statutes provides for "streamlining of the handling of those traffic cases," resulting in "a more expeditious system for the judicial processing of traffic infractions." Haw. Rev. Stat. § 291D-1. The process for handling traffic infractions was designed to facilitate and encourage resolution of many traffic infractions, speed the disposition of contested cases, dispense with the need for witnesses in most cases, allow resources to be used more efficiently, and save taxpayers money and frustration by simplifying the process. *Id.*

To that end, section 291D-6 of Hawaii Revised Statutes provides that once Yellen received the notice of traffic infraction, he could (1) admit the infraction (296D-6(b)(1)); (2) deny the infraction and request a hearing or submit a written statement explaining the grounds for contesting the infraction (296D-6(b)(2)); or (3) admit the infraction and request a hearing or submit a written statement explaining mitigating circumstances (296D-6(b)(3)). Rule 8 of the Hawai`i Civil Traffic Rules adopted and promulgated by the Supreme Court of the State of Hawai`i (effective July 1, 1994) similarly provides that, once a person receives a notice of traffic infraction, the person has 21 days to answer it by:

6

> (1) Paying the total amount of monetary sanctions, consisting of the monetary assessment and costs and fees, if any, indicated on the notice of infraction; or
>
> (2) Denying the infraction and requesting a hearing to contest the allegations, then appearing in person at the hearing or submitting a written statement in lieu of appearing in person at the hearing; or
>
> (3) Admitting the infraction and requesting a hearing to explain any mitigating circumstances, then appearing in person at the hearing or submitting a written statement in lieu of appearing in person at the hearing.

https://www.courts.state.hi.us/docs/court_rules/rules/hctr.htm (last visited May 11, 2022).[3]

Yellen alleges that, after receiving the notice of infraction, he requested a hearing, which was held on November 18, 2021.  See Complaint ¶ 12, ECF No. 1, PageID # 4; Docket Sheet for Citation Number 3DTI-21-026467 http://jimspss1.courts.state.hi.us:8080/eCourt/ECC/CaseSearch.iface (follow prompts and enter Citation Number "3DTI-21-026467").[4] According to section 291D-8 of Hawaii Revised Statutes, an officer who issues a ticket need not appear at the initial informal hearing.  Instead, the judge considers the notice of

---

[3] The court takes judicial notice of the Hawai`i Civil Traffic Rules cited in this order.

[4] The court takes judicial notice of the Docket Sheet for Yellen's traffic infraction citation, as well as the events noted therein.

infraction and any other written report by the officer together with any statement by the person who received the ticket.  The judge then determines whether an infraction has been established by a preponderance of the evidence.  *See id.*  Rule 14 of the Hawai`i Civil Traffic Rules similarly provides that any such hearing is "informal," with preponderance of the evidence being the applicable standard of proof.  Rule 14 further states, "Evidence shall consist of the notice of infraction, applicable police reports or other written statements by the issuing officer, and any evidence or written statement submitted by the defendant.  The judge shall not be bound by rules of evidence, except provisions relating to privileged communications."  Rule 14 states, "A prosecutor will not be present [at the hearing] and witnesses will not be required."  Yellen alleges that a prosecuting attorney "was there" but did nothing to protect him from Judge Hawk's ruling.  *See* Complaint ¶ 15, ECF No. 1, PageID # 4.

Yellen says that, before the informal hearing, he filed a motion for discovery.  Yellen alleges that Judge Hawk improperly denied the motion.  While Yellen alleges that this denial violated his due process rights by denying him the right to put on a defense, Yellen does not explain the source of any right to discovery before any informal hearing.  *See* Complaint ¶ 13, ECF No. 1, PageID # 4.  Yellen says that Judge Hawk found

8

him guilty and fined him. *See id.* ¶ 14; Docket Sheet for Citation Number 3DTI-21-026467; Haw. Rev. Stat. §§ 291D-8(a)(4) and 9 (providing for a monetary assessment, fees, surcharges, or costs). This appears to be a reference to Judge Hawk's determination by a preponderance of the evidence at the informal hearing that Yellen had committed the infraction at issue and to the imposition of $97 in a "monetary assessment, costs, and fees" against him. Judgment was then entered against him. *See* Rule 16 of the Hawai`i Civil Traffic Rules.

Yellen says he complained to Judge Hawk about being unable to confront the officer at the informal hearing. He says that Judge Hawk then set another hearing. *See id.* ¶ 14. This appears to be a reference to a trial de novo. Docket Sheet for Citation Number 3DTI-21-026467. Under section 291D-13, after an informal trial resulting in a determination that an infraction occurred, "[t]he defendant may request a trial pursuant to the Hawaii rules of evidence and the rules of the district court" with the standard being preponderance of the evidence. At any such hearing, the State is to be represented by a prosecuting attorney for the county in which the infraction allegedly occurred. *Id.* Under section 291D-14(d), that prosecuting attorney is prohibited from participating in traffic infraction proceedings other than the trial de novo conducted pursuant to section 291D-13.

> The Hawaii State Court website explains:
>
> If you appear at the trial de novo, the judge will vacate the previously entered judgment in favor of the state.  There will be a deputy prosecutor present who will be required to prove the infraction against you by a preponderance of the evidence.  The trial will be conducted pursuant to Chapter 291D of the Hawai'i Revised Statutes, Hawai'i Rules of Penal Procedure, Rules of the District Court, and Hawai`i Rules of Evidence.  If the court decides in the state's favor, a judgment for the state will be entered.  An appeal from the court's judgment entered after a trial de novo may be taken in the manner provided for appeals from district court civil judgments.

https://www.courts.state.hi.us/self-help/traffic/moving_citations (last visited May 11, 2022).  While Yellen has not cited any rule allowing him discovery with respect to the informal hearing, he may have had such a right with respect to his trial de novo.  This court makes no determination as to such a right, as the citation has since been dismissed with prejudice, as discussed later in this order.

On January 5, 2022, before a trial de novo was held, Yellen filed the present action, which included claims against Judge Hawk.  *See* Complaint, ECF No. 1.  Two Puna District Court Judges, including Judge Hawk, then recused themselves from the trial de novo, transferring the case to the Kona District Court.  *See* Docket Sheet for Citation Number 3DTI-21-026467.

On February 28, 2022, the court granted a Motion for Nolle Prosequi with Prejudice.  *See* Docket Sheet for Citation

Number 3DTI-21-026467. This means that the traffic infraction case is over and cannot be brought against Yellen again for his alleged crossing of a solid white line on October 25, 2021.[5]

**IV.  ANALYSIS.**

**A.  Judge Hawk's Judicial Immunity Bars the Claims Asserted Against Him.**

The Complaint alleges that Judge Hawk infringed on Yellen's constitutional rights when he denied Yellen's motion for discovery and proceeded to determine during the informal hearing held on November 18, 2021, by a preponderance of the evidence that Yellen had committed a traffic infraction. Judge Hawk seeks dismissal of all claims asserted against him on the basis of his judicial immunity.

Judges have judicial immunity with respect to actions taken in their judicial capacities. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978). The Supreme Court has stated that "[f]ew doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction[.]" *Pierson v. Ray*, 386 U.S. 547, 553-4 (1967). This immunity is only forfeited when either the judge did not perform a judicial act or the judge "acted in the clear absence of all jurisdiction." *Stump*, 435

---

[5] Given the dismissal of the traffic infraction case, this court does not reach the officer's and the prosecutor's argument that *Younger* abstention prevents this court from exercising jurisdiction over claims implicating ongoing state proceedings.

U.S. at 356-57.  Given the absence of any claim that Judge Hawk acted without jurisdiction, judicial immunity bars all claims in the Complaint that relate to and arise out of the Judge Hawk's performance of his judicial duties with respect to the informal hearing on Yellen's traffic infraction citation.  Judge Hawk also has judicial immunity with respect to Yellen's claim that he improperly denied discovery before the informal hearing.  All claims against Judge Hawk are therefore dismissed with prejudice.

> **B.  The State of Hawaii Has Eleventh Amendment Immunity With Respect to Yellen's Money Damage Claims.  Additionally, Hawaii is not a Person for Purposes of § 1983 Such that Yellen May Maintain Prospective Injunctive Relief Claims Against It.**

Yellen asserts that the State of Hawaii failed to protect his constitutional rights.  Yellen says that Hawaii court rules deprived him of his due process rights because the rules did not allow discovery before an informal hearing on his traffic infraction citation and because section 291C-38 is vague.  These appear to be claims asserted under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought

> against a judicial officer for an act or
> omission taken in such officer's judicial
> capacity, injunctive relief shall not be
> granted unless a declaratory decree was
> violated or declaratory relief was
> unavailable.  For the purposes of this
> section, any Act of Congress applicable
> exclusively to the District of Columbia shall
> be considered to be a statute of the District
> of Columbia.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The State of Hawaii seeks dismissal of the § 1983 claims based on its Eleventh Amendment immunity.  Under the Eleventh Amendment, a state is immune from lawsuits for monetary damages or other retrospective relief brought in federal court by its own citizens or citizens of other states.  *See Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004).  However, "the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law."  *Id.*  Additionally, Eleventh Amendment immunity does not apply if Congress exercises its power under the Fourteenth Amendment to override Eleventh Amendment immunity, or if a state consents to federal suit.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66-68 (1989).  To the extent Yellen seeks

damages, his claims are the paradigmatic example of a request for retrospective relief that is precluded by the Eleventh Amendment. *See Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) ("The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities."). Moreover, especially because the state dismissed the traffic citation at issue before any trial de novo, it was incumbent on Yellen to describe any injury he claims to have suffered. Yellen also fails to describe the legal basis for his claimed right to discovery before the informal hearing. With respect to Yellen's claim that 291C-38 is vague, Yellen may well have convinced the prosecution that he was correct such that it agreed to dismiss the traffic citation with prejudice. In other words, the system for enforcing traffic citations worked and Yellen was ultimately not convicted of violating section 291C-38.

Moreover, the court notes that Hawaii is not a "person" within the meaning of § 1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989).[6] Accordingly, Yellen's requests

---

[6] Yellen's § 1983 claims are asserted against the State of Hawaii, not a state official acting in his or her official capacity. *See Flint v. Dennison*, 488 F.3d 816, 825 (9th Cir. 2007) ("When sued for prospective injunctive relief, a state official in his official capacity is considered a 'person' for § 1983 purposes."). Given the dismissal of Yellen's traffic infraction ticket, it is not clear what viable prospective

for prospective injunctive relief against the State of Hawaii under § 1983 also fail.  The court additionally notes that Yellen's prospective injunctive relief claims with respect to putting on a defense and conducting discovery are moot.  Not only did Yellen fail to establish that he had any such rights with respect to the informal hearing before Judge Hawk (at which no evidence was received), Yellen also failed to show that he was actually denied such rights with respect to any subsequent trial de novo.  The Complaint does not allege that Yellen made requests with respect to putting on evidence or conducting discovery with respect to the trial de novo.  Because the traffic citation was dismissed before any trial de novo, it is unclear how Yellen can complain that he was not allowed to put on a defense or conduct discovery.  Nor is it clear why such rights are not now moot given the dismissal of the traffic citation action.

>   C.  **The Complaint Fails to State a Claim Against Governor Ige.**

The Complaint alleges that, as Governor of the State of Hawaii, Ige had a duty to "ensure that the United States and Hawaii Costitution[s are] obeyed by judges, police officers, and prosecuting attorneys in the State of Hawaii."  Compliant ¶ 4, ECF No. 1, PageID # 2.  The Complaint also alleges that Ige, as

---

injunctive relief claims Yellen could assert against a state official acting in his or her official capacity arising out of the facts of this case.

Governor, had an "obligation to ensure that Plaintiff's constitutional rights are not violated" and was required "to ensure that police officers are properly trained in the law so as to not issue citations for crimes that do not exist." *Id.* ¶ 17, PageID # 5.

In Ige's Motion to Dismiss, he argues that he has no such duties. Instead, the legislature is vested by Article III of Hawaii's constitution with "legislative powers," such as enacting section 291C-38 of Hawaii Revised Statutes. The power to adjudicate cases is vested by Article VI of Hawaii's constitution in Hawaii's judiciary. Article VIII of Hawaii's constitution allows Hawaii's legislature to create counties with their own charters. Section 7-2.4(b) of Hawaii County's Charter requires its police chief to "[t]rain, equip, maintain, and supervise the force of police officers and employees." Section 9-3 of the Hawaii County Charter requires its prosecuting attorney to "prosecute offenses against the laws of the State." In other words, Governor Ige had no duty to supervise the traffic infraction process or to ensure that Yellen would not receive the traffic infraction citation that he received. In his opposition, Yellen fails to identify the basis of any duty that Ige may have had to ensure that Yellen would not be prosecuted. Yellen simply fails to assert a viable claim against Ige.

### D. The Prosecutor Has Immunity With Respect to Yellen's Claims.

Absolute prosecutorial immunity immunizes a prosecutor from liability for damages under 42 U.S.C. § 1983 for actions taken in his or her role as a prosecutor. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Prosecutorial immunity is based on "the nature of the function performed, not the identity of the actor who performed it." *Milstein v. Cooley*, 257 F.3d 1004, 1008 (9th Cir.2001) (internal quotation marks and citation omitted). "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for State, are entitled to the protections of absolute immunity." *Id.* (internal quotation marks and citations omitted). On the other hand, "[w]hen a prosecutor performs the investigative functions normally performed by a detective or police officer," the prosecutor is entitled to only qualified immunity. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). Yellen's claims against the Office of the Prosecuting Attorney appear to be based solely on actions and decisions taken in the course of the prosecutor's role as an advocate for the State during the prosecution of the traffic ticket. The Office of the Prosecuting Attorney has immunity with respect to such claims. Accordingly, those claims are dismissed with prejudice. .

17

### E. No Viable Claim Has Been Asserted Against the Officer.

Yellen's Complaint asserts an equal protection claim against Officer Aurello, alleging that "Plaintiffs must not be given a citation for which everyone does, further, that which is not illegal." *See* ECF No. 1, PageID # 6. Officer Aurello moves to dismiss this claim, arguing that Yellen fails to allege that he was treated differently than other persons because of some protected class. *See Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) ("To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." (quotation marks and citation omitted)). Aurello also argues that the Complaint does not allege a viable "class of one" equal protection claim because there is no allegation of irrational and wholly arbitrary treatment. *See Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) ("Our cases have recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."). This court agrees that Yellen's equal protection claim against officer Aurello is insufficiently pled. Accordingly, that claim is dismissed.

18

While this court would normally give a plaintiff leave to amend a complaint to make appropriate factual allegations, this court declines to do so because Yellen's Opposition does not oppose dismissal of the equal protection claim asserted against the officer. In other words, Yellen has made no attempt to explain what facts he might allege with respect to a viable equal protection claim against the officer. The court therefore determines that Yellen has waived any such claim by choosing not to oppose the officer's argument. *See Personal Elec. Transports, Inc. v. Office of U.S. Tr.*, 313 Fed. Appx. 51, 52 (9th Cir. 2009) (affirming the district court ruling that a party waived an argument by failing to raise it in opposition to a motion to dismiss); *Yonemoto v. McDonald*, 2015 WL 1863033, at *7 (D. Haw. Apr. 22, 2015) (finding waiver of an argument that was not raised in opposition to a motion to dismiss or for summary judgment); *Ingall v. Rabago*, 2020 WL 5739594, at *11 (D. Haw. Sept. 24, 2020) (concluding that a plaintiff "waived the claim for purposes of opposing this motion by choosing not to oppose the City's argument thereon").

## IV.  CONCLUSION.

The court grants the motions to dismiss. Because amendment of the Complaint would be futile, the court declines to allow Yellen leave to file an Amended Complaint. Instead, the

Clerk of Court is directed to enter judgment in favor of all Defendants and to close this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 12, 2022.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Yellen v. State of Hawaii, et al.*, Civ. No. 22-00010 SOM-KJM; ORDER DISMISSING COMPLAINT